# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### 3:19-cv-00459-RJC-DCK

| | | |
|---|---|---|
| **CHARJDE NICOLE HUNTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **ORDER** |
| | ) | |
| **WALMART, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Defendant Walmart, Inc.'s Motion to Dismiss ("Motion"), (Doc. No. 27), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 41); Plaintiff's Motion for Punitive Damages, (Doc. No. 20); Plaintiff's Motion to Seal Case, (Doc. No. 21); Defendant's Motion to Strike Portions of Plaintiff's Response to Defendant's Motion to Dismiss, (Doc. No. 34); Plaintiff's Motion to Resolve Case, (Doc. No. 39); Defendant's Motion to Strike or Seal Plaintiff's Additional Communications, (Doc. No. 43); and Plaintiff's Motion to Continue Voluntary Dismissal with Prejudice, (Doc. No. 47). The Court has reviewed all associated filings to the motions and M&R. The matter is now ripe and ready for the Court's decision.

## I.     BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II.    STANDARD OF REVIEW

### A.    Memorandum and Recommendation

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

### B.    Motion to Dismiss under Rule 12(b)(6)

The standard of review for a motion to dismiss under Rule 12(b)(6) for failure to state a claim is well known. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." Fannie Mae v. Quicksilver LLC, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Additionally, when ruling on a motion to dismiss, a court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III.    DISCUSSION

### A.    Motion to Dismiss

In response to the M&R, Plaintiff failed to object to any facts or specific legal arguments posited by the Magistrate Judge regarding the retaliation claim. Instead, Plaintiff's lone objection was a blanket assertion that because Plaintiff's Title VII retaliation claim survived the Court's frivolity review under 28 U.S.C. § 1915(e), her claim should also withstand Defendant's

3

Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff cited no legal support for this proposition. (Doc. No. 45 at 2).

The frivolity standard is more lenient than the standard for failure to state a claim under Rule 12(b)(6).[1] The Supreme Court has noted that a complaint may pass a frivolity review but fail a motion to dismiss challenge under Rule 12(b)(6), stating:

> To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal. But the considerable common ground between these standards does not mean that the one invariably encompasses the other. When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not.

Neitzke v. Williams, 490 U.S. 319, 328 (1989). Plaintiff's lone objection thus cannot summarily defeat the motion to dismiss as surviving a frivolity review does not guarantee surviving a Rule 12(b)(6) challenge.

Here, the Magistrate Judge found that Plaintiff's extremely brief factual allegations failed to plausibly plead the third element of a retaliation claim under Title VII—a causal connection between the protected activity and adverse employment action. (Doc. No. 41 at 11). In particular, Plaintiff alleged no facts showing the employees who fired Plaintiff knew of any protected activity Plaintiff was engaged in, nor did Plaintiff raise her claim above the level of speculation. (Id. at 13). A claim is plausible when the complaint alleges facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. However, "mere conclusory and speculative allegations" are insufficient. Painter's Mill Grille, LLC v. Brown, 716 F.3d 342, 350 (4th Cir. 2013).

---

[1] See, e.g., Aldublin-Robleto v. FCC II Butner, No. 5:15-CT-3026-FL, 2015 U.S. Dist. LEXIS 94688, at *6 (E.D.N.C. July 21, 2015) ("[F]rivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."); Hayes v. Stanley, No.5:03-CT-759-FL, 2003 U.S. Dist. LEXIS 26886, at *2 (E.D.N.C. Nov. 26, 2005) ("Frivolity is a more lenient standard than that for failure to state a claim under Rule 12(b)(6), as a non-frivolous complaint may fail to state a claim.").

4

As provided in the M&R, the Complaint is speculative at best and fails to proffer a plausible retaliation claim. For example, the crux of Plaintiff's factual allegations are as follows:

- (i) that she was singled out by her supervisor, (Doc. No. 1-2 at 2);

- (ii) that her co-workers were too aggressive, (Id.);

- (iii) that a non-managerial male co-worker who Plaintiff previously had a sexual relationship with was verbally abusive, but HR did not investigate because the complaint was not work-related, which Plaintiff acknowledged, (Id. at 2, 25);

- (iv) that supervisors told Plaintiff she was insubordinate, caused disturbances, and had "negative energy," (Doc. No. 1 at 5);

- (v) that Plaintiff's supervisor harassed her by "put[ting her] on the spot to perform upon request," (Id.); and

- (vi) that Plaintiff's co-worker blocked her number, (Id.).

None of these facts allow the Court to make a reasonable inference that Plaintiff was terminated because of her activity in a protected class (i.e., sex, race, or color). Moreover, there exists an "obvious alternative explanation" for Plaintiff's termination, one which Plaintiff even acknowledges herself in the Complaint: that Plaintiff "was rude, condescending and confrontational" and "spoke disrespectfully to other Associates;" that Plaintiff "was warned that her employment would be terminated if her behavior did not improve;" and that Plaintiff "refused to acknowledge that her behavior was inappropriate and continued to engage in disrespectful conduct towards other Associates." McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 588 (4th Cir. 2015); (Doc. No. 1, p. 5); see also (Doc. No. 1-3, p. 19–20). Accordingly, Plaintiff has failed to plausibly allege sufficient facts to

allow the Court to make a reasonable inference that her termination was causally connected to her activity in a protected class, and her retaliation claim cannot survive the motion to dismiss.

**B.  Other Outstanding Motions**

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made.  A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).  As no objections to the other outstanding motions covered in the M&R have been filed, and the time for doing so has passed, the parties have waived their right to de novo review of any issue covered in the M&R regarding these motions.  Nevertheless, this Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendations of the Magistrate Judge are, in all respects, in accordance with the law and should be approved.

**IV.  CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1.  The Magistrate Judge's M&R, (Doc. No. 41), is **ADOPTED**;

2.  Defendant's Motion to Dismiss, (Doc. No. 27), is **GRANTED**;

3.  Plaintiff's Motion for Punitive Damages, (Doc. No. 20), is **DENIED as moot**;

4.  Plaintiff's Motion to Seal Case, (Doc. No. 21), is **DENIED with prejudice**;

5.  Defendant's Motion to Strike Portions of Plaintiff's Response to Defendant's Motion to Dismiss, (Doc. No. 34), is **GRANTED**.  The clerk is instructed to seal Docket Entry 33;

6.  Plaintiff's Motion to Resolve Case or Narrow Issues, (Document No. 39), is

6

**DENIED as moot**;

7.      Defendant's Motion to Strike or Seal Plaintiff's Additional Communications, (Doc. No. 43), is **GRANTED**. The clerk is instructed to seal Docket Entry 42;

8.      Plaintiff's Motion to Continue Voluntary Dismissal with Prejudice, (Doc. No. 47), is **DENIED as moot**.

The clerk is directed to close this case.

Robert J. Conrad, Jr.
United States District Judge

Signed: September 21, 2021