# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:19-CV-459-RJC-DCK

| | |
|---|---|
| **CHARJDE NICOLE HUNTER,** )  | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **WALMART, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Motion To Seal Or Otherwise Restrict Public Access" (Document No. 58) filed June 8, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will respectfully <u>deny</u> the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1    SEALED FILINGS AND PUBLIC ACCESS.**

> **(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.
>
> **(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.
>
> **(c)** *Motion to Seal or Otherwise Restrict Public Access*. A

party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

LCvR 6.1.

The undersigned first notes that this case has been closed for approximately nineteen (19) months. In his Order granting Defendant's motion to dismiss and closing the case, the Honorable Robert J. Conrad, Jr. denied Plaintiff's previous motion to seal this case (Document No. 21), but allowed the sealing of Document Nos. 33 and 42. See (Document No. 52); see also (Document No. 41, p. 15).

Having considered the factors provided in LCvR 6.1(c), the Court will deny the motion to seal. Plaintiff's motion to seal does not adequately address the requirements of LCvR 6.1; or otherwise provide any cogent explanation of the relief she seeks. Plaintiff, if necessary, may file a revised request that complies with the Local Rules of this Court. Any such request should include a more specific explanation of the information/documents the Plaintiff seeks to seal. Plaintiff is respectfully advised that it is unlikely under any scenario that the Court would seal the entirety of this civil lawsuit.

**IT IS, THEREFORE, ORDERED** that *pro se* Plaintiff's "Motion To Seal Or Otherwise

Restrict Public Access" (Document No. 58) is **DENIED WTHOUT PREJUDICE**.

    **SO ORDERED**.

Signed: June 8, 2023

David C. Keesler
United States Magistrate Judge